# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 16-1439V
Filed: April 18, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Special Master Sanders |
| ERIKA REEDER, | * | |
| | * | Dismissal; Insufficient Proof; Influenza |
| Petitioner, | * | ("Flu") Vaccine; Guillain Barre Syndrome |
| | * | ("GBS"). |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Churchill H. Huston, Churchill Huston Law, LLC, Philadelphia, PA, for Petitioner.
Lara A. Englund, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 1, 2016, Erika Reeder ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"). Petitioner alleges that an influenza ("flu") vaccination that she received on November 11, 2013 caused her to develop Guillain-Barré syndrome ("GBS"). *See* Petition ("Pet.") at 1-4, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On April 18, 2017, Petitioner moved for a decision dismissing her claim. *See* Motion to Dismiss Petition ("Mot."), ECF No. 29. Petitioner conceded that "[a]n investigation of the facts and science supporting her case has demonstrated to [P]etitioner that she will be unable to prove

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

that she is entitled to compensation in the Vaccine Program." *Id.* at ¶ 1.  Furthermore, Petitioner stated that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.* at ¶ 2.  Petitioner is aware that the undersigned's decision "dismissing her petition will result in a judgment against her." *Id.* at ¶ 3.  Petitioner is also aware that "such a judgment will end all of her rights in the Vaccine Program." *Id.* Respondent did not object to Petitioner's Motion for Dismissal Decision.  *Id.* at ¶ 4.  Thus, this matter is now ripe for decision.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by an influenza vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master