# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1439V
Filed: April 18, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Special Master Sanders |
| ERIKA REEDER, | * | |
| | * | Attorneys' Fees and Costs; Reasonable |
| Petitioner, | * | Amount to Which Respondent Does Not |
| | * | Object. |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Churchill H. Huston</u>, Churchill Huston Law, LLC, Philadelphia, PA, for Petitioner.
<u>Lara A. Englund</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

      On November 1, 2016, Erika Reeder ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that an influenza ("flu") vaccine administered on November 11, 2013 caused her to develop Guillain-Barré syndrome ("GBS"). Petition ("Pet.") at 1-4, ECF No. 1. On April 18, 2017, Petitioner moved for a decision dismissing her claim. Motion to Dismiss Petition ("Mot."), ECF No. 29. That same day, the undersigned issued a decision dismissing the case for insufficient proof. Decision, ECF No. 30.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 18, 2017, Petitioner also filed a Motion for Attorneys' Fees and Costs.  Mot. Att'y's Fees and Costs, ECF No. 28.  Petitioner requested attorneys' fees in the amount of $8,400.00 and attorneys' costs in the amount of $549.79.  *Id.* at 1.  Respondent indicated that he "does not object to the overall amount sought."  *Id.*  Respondent also stated that his "lack of objection in this case should not be construed as [an] admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3]  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the amount of $8,949.79,[4] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Churchill H. Huston.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Churchill Huston, who practices in Philadelphia, Pennsylvania.  Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and I find that the total sum requested is reasonable under the circumstances.  Therefore, I do not reach the question of whether Mr. Huston is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  This decision does not constitute such a determination.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).